## S. Adrian Scheltes, Appellee, v. Thomas M. Hunter, Appellant.

## Gen. No. 20,836.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 15, 1915. Rehearing denied October 26, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Replevin by S. Adrian Scheltes, trustee, plaintiff, against Thomas M. Hunter, bailiff, defendant. On submission of the case, by agreement, to the court without a jury, the court found defendant guilty and that plaintiff was entitled to possession of the property, and assessed plaintiff's damages at one cent. A motion for new trial was overruled, and from judgment entered on the finding, defendant appeals.

The evidence shows that on December 30, 1911, Nate Schatz, who was engaged in the clothing business in the city of Chicago, under the name and style of "Bart Clothing Company," executed and delivered to S. A. Scheltes, as trustee, a certain deed of trust purporting to be an assignment for the benefit of the creditors of Schatz. The deed conveyed to the trustee all his merchandise, furniture and fixtures, cash, bills and accounts receivable, and other property owned by him in connection with the said business. At the time of the execution, Schatz was owing a large amount of money, practically all of it to eleven creditors, one of whom was Rose, Rogers and Rose, a corporation, that held a claim amounting to $2,649.06, and the deed was executed in pursuance of an arrangement made at a meeting of certain of the creditors of Schatz, and was ratified and assented to by ten of the said eleven creditors. There was a conflict in the evidence as to whether Rose, Rogers and Rose ratified and assented to the assignment. Immediately after the execution of

the said deed, the trustee took possession of the property conveyed and appears to have conducted the business from that time until the date of the trial. On May 4, 1912, Rose, Rogers and Rose recovered a judgment against the said Schatz, in the Municipal Court of Chicago, in the sum of $2,671. Execution was issued on this judgment and placed in the hands of Thomas M. Hunter, the bailiff of said court, who, on or about June 4, 1912, seized 400 suits of men's clothing in the hands of the said trustee.

The declaration consists of the usual counts in replevin. The defendant filed two pleas; the first averring that the property replevined was the property of Nathan Schatz and not of the plaintiff, the second averring justification of the seizure as bailiff of the said court under a writ of execution in full force and effect, issued by the said court on the said judgment in favor of Rose, Rogers and Rose. To these pleas the plaintiff filed a replication.

The defendant contended "that the alleged assignment for the benefit of creditors is void because it tends to hinder, delay and defraud creditors. Being void, no title to any property of Schatz passed to Scheltes, the plaintiff in this replevin action"; that the goods seized by the defendant as bailiff of the Municipal Court were in fact the goods of Schatz, and that the trial court erred in rendering judgment in favor of the plaintiff. The defendant further contended that "the plaintiff did not establish an estoppel by a preponderance of the evidence."

The plaintiff contended: "1. The deed of trust was not made to hinder, delay and defraud creditors, and was not fraudulent or void. 2. A preponderance of the evidence clearly establishes that the deed of trust was made with the full knowledge and acquiescence of Rose, Rogers and Rose, and, therefore, was and is binding upon them. 3. The goods seized by the bailiff under the execution were goods purchased by S. Adrian

Scheltes, as trustee, and were not subject to seizure under execution against Nate Schatz, the original assignor, even though the original conveyance to the trustee were fraudulent and void.''

The defendant contended that even if it be conceded that Rose, Rogers and Rose, with full knowledge of the assignment, acquiesced therein, nevertheless, the conveyance is absolutely void because ''it permitted the trustee to carry on the business; it authorized him to purchase new merchandise and render the trust estate liable for any loss or profit that would be made out of the new merchandise; it authorized him to pay all expenses incurred by him in the conduct of the business irrespective of whether the expenses were necessary or not; it absolutely required the trustee to employ Schatz and pay him $50 per week; it required the trustee to pay premiums on the life insurance taken out on the life of Schatz; it authorized the trustee to make sales of goods on credit; it limited the liability of the trustee.''

G. L. WIRE, for appellant.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUDULENT CONVEYANCES, §155*—*when valid inter partes.* A conveyance made to defraud creditors is valid *inter partes.*

2. FRAUDULENT CONVEYANCES, § 180*—*when voidable.* Even as to creditors who are not parties to an assignment and who do not assent to its being made, a fraudulent assignment is not void but only voidable.

3. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 32*—*when assenting creditor cannot attack assignment.* A creditor who has full knowledge of the making of an assignment for the benefit of creditors and acquiesces therein is bound by the assignment and cannot attack it

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as a fraudulent conveyance, such assignment being neither void nor voidable as to him.

4. ASSIGNMENTS FOR BENEFIT OF CREDITORS, § 32*—*when evidence sufficient to show valid assignment.* In a replevin suit to recover property alleged to have been assigned for the benefit of creditors, evidence examined and *held* sufficient to show that the assignment had been made with the knowledge and acquiescence of the defendant in replevin.